# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2010

Lyle W. Cayce
Clerk

No. 09-50976
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE SANCHEZ-REBOLLAR, also known as Javier Sanchez Rebollar, also known as Jose Rodriguez, also known as Javier Sanchez, also known as Javier Revollar Sanchez, also known as Jose Rebollar Sanchez, also known as Jose Rebbollar Sanchez, also known as Jose Rodriguez Sanchez, also known as Jose Roberto Sanchez, also known as Pablo Perez Sanchez, also known as Jose Sanchez Rebollar, also known as Marcelo Sanchez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-334-1

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez-Rebollar appeals the reasonableness of the sentence imposed by the district court for his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326(b)(1).  Because Sanchez-Rebollar did not object to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the reasonableness of the sentence in the district court, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Sanchez-Rebollar's arguments that the presumption of reasonableness should not apply and that the sentence is procedurally unreasonable because the applicable guideline is not supported by empirical data are foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We have also rejected the argument that using a conviction to increase the offense level and to calculate criminal history is impermissible double counting. *See Duarte*, 569 F.3d at 529-31; *see also Mondragon-Santiago*, 564 F.3d at 366-67.

The assertions regarding his personal history and characteristics and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has not demonstrated that the district court's imposition of a sentence at the bottom of the advisory guidelines range was error, plain or otherwise, or an abuse of discretion. *See Puckett*, 129 S. Ct. at 1429; *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.